MHN

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LEANNE M. DIGAN,<br><br>Plaintiff,<br><br>v.<br><br>EURO-AMERICAN BRANDS, LLC,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 10-cv-799<br><br>Judge John W. Darrah |

**MEMORANDUM OPINION AND ORDER**

Plaintiff, Leanne M. Digan, filed a Complaint of Employment Discrimination in this district, claiming that Defendant, Euro-American Brands, LLC, refused to accommodate her disability and terminated her for filing a workers'-compensation claim. In response, Defendant filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(3) and 28 U.S.C. § 1406(a) or, in the alternative, to transfer venue to the District of New Jersey, pursuant to 28 U.S.C. § 1404(a). That motion is presently before the Court.

**BACKGROUND**

Plaintiff alleges few facts in her standard-form complaint. She describes the factual basis for her claim as follows: "The employer refused to accomadate [*sic*] my temorary [*sic*] total disability by allowing me light duty work. The employer terminated me and refused to attend mediation remedies as requested. I was also terminated due to retaliation for making a workmans' [*sic*] compensation claim." (Compl. ¶ 13.) Unless refuted, these facts, as well as others in Plaintiff's Complaint, are accepted as true for

purposes of resolving Defendant's motion to dismiss. *See AGA Shareholders, LLC v. CSK Auto, Inc.*, 467 F. Supp. 2d 834, 842 (N.D. Ill. 2006) (*AGA*).

The Court must also consider the facts asserted in a "certification" of Defendant's president, Dite Van Clief, filed in support of Defendant's motion to dismiss. Van Clief certifies the following facts about Defendant: Defendant is a New Jersey corporation with its principal place of business in New Jersey and approximately twenty employees. Defendant does not maintain any bank accounts in Illinois, does not own or lease property in Illinois or otherwise maintain any offices in Illinois, and has not designated a registered agent in Illinois. Defendant's only physical presence in Illinois is its attendance of two annual trade shows in this state (out of the twenty-four it attends nationwide).

Defendant employs three national sales representatives in its civil sales unit. Each of the three sales representatives was assigned to one of three regions in the United States. Plaintiff heard about a position with Defendant through word of mouth, and she was invited to New Jersey for an interview. On April 25, 2005, Plaintiff was hired as Defendant's Midwest Regional Sales Manager and assigned responsibility for the central region of the United States. (Illinois is located in the central region.) Plaintiff resided in Illinois during her employment with Defendant and still lives there today, though Defendant did not require her to live in any particular state. All decisions regarding Plaintiff's employment are made in New Jersey. Additionally, Plaintiff has been required to travel to New Jersey for the purpose of meeting with her supervisors.

Defendant understands that Plaintiff injured her back in March 2008. Her last day of work was April 8, 2008. After undergoing surgery in May 2008, Plaintiff was unable to return to work. She informed Defendant that her recovery would take four to six weeks, and Defendant placed her on leave-of-absence status.

On or around July 15, 2008, Plaintiff advised Defendant that she was still unable to return to work. Defendant agreed to extend her leave, and Plaintiff agreed to provide an update on her status by August 11, 2008. Plaintiff did not provide any updates. Nor did she request any accommodations that would allow her to return to work. Defendant then determined it could no longer hold Plaintiff's position open and terminated her employment by letter dated November 4, 2008.

On March 6, 2009, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), New Jersey Division on Civil Rights, alleging that Defendant discriminated against her on the basis of her disability and retaliated against her for filing a workers'-compensation claim in violation of the Americans with Disabilities Act ("ADA"). Plaintiff also filed a Verified Addendum to assert dual claims under various provisions of New Jersey law. On November 12, 2009, the EEOC issued a Dismissal and Notice of Rights. Plaintiff filed this suit on February 4, 2010.

## LEGAL STANDARD

If an action is not filed in a proper venue, a district court has the authority to dismiss the case pursuant to Federal Rule of Civil Procedure 12(b)(3) or transfer it to an appropriate venue pursuant to 28 U.S.C. § 1406(a). Additionally, "[f]or the convenience

of the parties and witnesses, in the interest of justice, a district court may transfer *any* civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a) (emphasis added).

Once a plaintiff's choice of venue is challenged under Rule 12(b)(3), the plaintiff bears the burden of establishing that venue is proper in its chosen forum. *Interlease Aviation Investors II (Aloha) L.L.C. v. Vanguard Airlines, Inc.*, 262 F. Supp. 2d 898, 913 (N.D. Ill. 2003). The court assumes the truth of the plaintiff's allegations unless they are contradicted by the defendant's affidavits, and all reasonable inferences are drawn in favor of the plaintiff. *AGA*, 467 F. Supp. at 842.

In ruling on a motion to transfer under § 1404(a), however, the movant bears the burden of establishing that the transferee forum is clearly more convenient, and the decision lies in the sound discretion of the trial judge. *See Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219 (7th Cir. 1986) (*Coffey*). The court may consider facts presented by way of "affidavit, deposition, stipulation, or other relevant documents." *Midwest Precision Servs., Inc. v. PTM Indus. Corp.*, 574 F. Supp. 657, 659 (N.D. Ill. 1983).

**ANALYSIS**

Defendant first asserts that this action should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(3) or transferred pursuant to 28 U.S.C. § 1406 for improper venue. Claims arising under the ADA are governed by the procedures provided for claims of discrimination under Title VII. *See* 42 U.S.C. 12117. Thus, proper venue

for an ADA claim is governed by 42 U.S.C. § 2000e-5(f)(3), which provides that venue is appropriate in any of the following four locations:

> [1] in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, [2] in the judicial district in which the employment records relevant to such practice are maintained and administered, or [3] in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but if the respondent is not found within any such district, such an action may be brought [4] within the judicial district in which the respondent has his principal office.

42 U.S.C. § 2000e-5(f)(3). That section further provides, "For purposes of sections 1404 and 1406 of Title 28, the judicial district in which the respondent has his principal office shall in all cases be considered a district in which the action might have been brought." *Id.*

Defendant's argument for dismissal under § 1406(a) is as follows:

> EAB's [i.e., Euro-American Brands, LLC's] connections to Illinois are tenuous at best as this was the domicile of Plaintiff's choice and not a requisite of her employment with the Company. While EAB acknowledges that the Court may transfer this matter under 28 U.S.C. § 1406(a), rather than dismiss it, at present, defendant is not aware of any statute of limitations or other issues which might raise a concern in support of transferring, rather than dismissing without prejudice, the pending action.

(Docket No. 18, at 5-6.) Defendant then devotes the larger part of its briefs in arguing that transfer is appropriate under § 1404(a).

Defendant has failed to raise a sufficient challenge to Plaintiff's right to file her discrimination suit in this district. Based on the limited information that has been presented, it appears that Plaintiff lived and worked in Illinois, that she received notice of her termination here in Illinois, and that she would have continued to work in Illinois had

she not been terminated. Thus, dismissal is not warranted under Rule 12(b)(3). Nor is transfer warranted under 28 U.S.C. § 1406(a). Defendant's motion to dismiss is denied.

Regarding Defendant's alternative request for transfer pursuant to § 1404(a), a party seeking transfer pursuant to 28 U.S.C. § 1404(a) must show the following: (1) that venue is proper in both the transferor and the transferee courts; (2) that transfer is for the convenience of the parties and witnesses; and (3) that transfer is in the interest of justice. 28 U.S.C. § 1404(a); *Coffey*, 796 F.2d at 219.

As discussed above, Defendant has failed to raise a sufficient challenge to the propriety of maintaining Plaintiff's action in this forum. Thus, for purposes of resolving this motion, venue is proper in this district. Venue is also undeniably proper in the District of New Jersey, as that is the district in which Defendant has its principal office. Thus, this action may be transferred if Defendant can demonstrate that the District of New Jersey is *clearly* more convenient for all parties involved and that it would be in the interest of justice for this case to be heard in New Jersey instead of in this district. *See Coffey*, 796 F.2d at 219.

In evaluating the convenience of the parties and of the witnesses, courts in this district consider five factors: (1) the plaintiff's initial choice of forum; (2) the situs of material events; (3) the relative ease of access to sources of proof; (4) the convenience of the witnesses; and (5) the convenience of the parties litigating in the respective forums. *Amoco Oil Co. v. Mobil Oil Corp.*, 90 F. Supp. 2d 958, 960 (N.D. Ill. 2000).

Regarding the first factor, the court usually defers to the plaintiff's choice of forum. *Powell v. Sparrow Hosp.*, No. 09 C 3239, 2010 WL 582667, at *3 (N.D. Ill.

Feb. 12, 2010) (*Powell*). "A plaintiff's choice of forum is afforded less deference, however, when another forum has a stronger relationship to the dispute or when the forum of plaintiff's choice has no significant connection to the situs of material events." *Id.* (quoting *Morton Grove Pharms., Inc. v. Nat'l Pediculosis Ass'n, Inc.*, 525 F. Supp. 2d 1039, 1044 (N.D. Ill. 2007)).

This is not a case in which the plaintiff has selected a forum that bears no significant relationship to her claims. As noted above, Plaintiff lives in this district, she worked in this district, and she received notice of her termination in this district. (It also appears that Plaintiff maintained a home office in this district and that the onset of her disability occurred in this district, though those facts are asserted only in her response brief.) This factor weighs against transfer.

The second factor to consider is the situs of material events. Defendant asserts that all relevant employment decisions were made in New Jersey, such that New Jersey is the situs of material events for purposes of the transfer analysis. Neither party presents any authority as to whether the situs of an adverse employment action should be deemed to be the location where the decision was made or the location in which the plaintiff felt the effect of that decision. However, there is some authority in this district for determining that venue is proper in the location in which a plaintiff felt the effects of a decision made in another district. *See, e.g.*, *Cox v. Nat'l Football League*, No. 97 C 3741, 1997 WL 619839, at *2-3 (N.D. Ill. Sept. 29, 1997) (denying motion to transfer after finding the defendants' "formalistic decision-versus-effect dichotomy" unpersuasive and stating that "[t]o hold otherwise would encourage employers to make

their decisions to terminate and discipline in far away offices in order to protect themselves in litigation); *McDonald v. Am. Fed'n of Musicians*, 308 F. Supp. 664, 669-70 (N.D. Ill. 1970) (denying motion to transfer to district where decision was made to impose the fee at issue after finding it "taxes common sense" to suggest that no act of discrimination occurred in this district simply because the decision that resulted in that act occurred elsewhere). Both Plaintiff's conduct in Illinois and Defendant's conduct in New Jersey, as set out above, are relevant for purposes of this suit. This factor does not weigh in favor of transfer.

The third factor to consider is the relative ease of access to sources of proof. Because documents now are easily scanned, stored, and electronically transmitted, however, moving them no longer creates the onerous burden it may once have imposed. *See Lancelot Investors Fund v. TSM Holdings*, No. 07 C 4023, 2007 WL 3120011, at *5 (N.D. Ill. Oct. 24, 2007) (denying motion to transfer where "easily transferable paperwork will make up the bulk of the non-testimonial evidence in this matter and plaintiff has shown that some evidence will be found in the Chicago area"). Nothing in Plaintiff's allegations suggests, and Defendant does not argue, that this case would involve any substantial amount of documents or other sources of proof such that it would be inconvenient to transfer those documents to this district. This factor does not weigh in favor of transfer.

The fourth factor in determining the most convenient forum is the convenience to the witnesses – non-party witnesses, in particular. *Bullard v. Burlington N. Santa Fe Ry.*, No. 07 C 6883, 2008 WL 4104355, at *4 (N.D. Ill. Aug. 29, 2008) ("Courts are less

concerned about the burden that appearing at trial might impose on witnesses who are either employees of parties or paid experts; it is presumed that such witnesses will appear voluntarily.") (citations omitted). The party requesting the transfer has the burden of demonstrating "who its witnesses are, the nature of their testimony, and how important that testimony will be to the case." *Cent. States, Se. & Sw. Area Pension Fund v. Salasnek Fisheries, Inc.*, 977 F. Supp. 888, 891 (N.D. Ill. 1997).

Defendant identifies eight potential witnesses and briefly describes the testimony they would offer on the merits of this case. All of the proposed witnesses live and work in New Jersey. Therefore, argues Defendant, "[i]t would be unreasonably difficult to secure for trial the witnesses relevant for this case if it remains venued in the District of Illinois." (Docket No. 18 at 11.) Based on Defendant's descriptions, however, it appears that all of these witnesses are employees of Defendant. Thus, it can be presumed that those witnesses will appear voluntarily.

It appears, then, that Defendant's concern regarding the convenience to its witnesses is really a matter of the convenience to *Defendant*. Defendant's concern is that it may have to arrange for its employees to travel to this district to testify. The parties' respective residences and their ability to bear the expenses of litigation in a particular forum are relevant inquiries. *Brandon Apparel Group, Inc. v. Quitman Mfg. Co.*, 42 F. Supp. 2d 821, 834 (N.D. Ill. 1999). However, a case should not be transferred if it "merely transforms an inconvenience for one party into an inconvenience for the other party." *Id.* Plaintiff, who appears *pro se* in this matter, asserts that it would present a financial hardship if she were forced to litigate her claims in New Jersey. Her position is

supported by a financial affidavit she filed in connection with an application to proceed *in forma pauperis* in this case. Transferring this case would merely shift Defendant's inconvenience to Plaintiff. This factor does not weigh in favor of transfer.

Finally, the Court must consider the interest of justice. In this analysis, factors considered embrace traditional notions of judicial economy and focus on the speed at which cases proceed to trial and the courts' familiarity with applicable law and desire to resolve controversies in their respective locales. *TIG Ins. Co. v. Brightly Galvanized Prods., Inc.,* 911 F. Supp. 344, 346 (N.D. Ill. 1996).

In arguing that New Jersey has a greater interest in this suit, Defendant merely reasserts that New Jersey is the situs of all material events. As discussed above, Defendant has not shown that to be the case. Defendant does not put forth any other reason why the interest of justice would warrant transferring this case to New Jersey.

Ultimately, Defendant has failed to meet its burden of showing that New Jersey is clearly a more convenient forum for all involved. No significant issue has been presented regarding the situs of material events, the location of any significant sources of proof, or the interests of the competing forums in hearing this suit. With no factor clearly weighing in favor of transfer, Plaintiff's choice of forum is entitled to deference. Defendant's alternative request to transfer this action to the District Court for the District of New Jersey is, therefore, denied.

## CONCLUSION

For the reasons discussed above, Defendant's Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(3) and 28 U.S.C. § 1406(a) or, in the Alternative, to Transfer Venue to the District of New Jersey Pursuant to Federal Rule of Civil Procedure 12(b)(3) and 28 U.S.C. § 1404(a) is denied.

Date: August 19, 2010

JOHN W. DARRAH
United States District Court Judge