IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

LEANNE M. DIGAN,

          Plaintiff,

    v.

EURO-AMERICAN BRANDS, LLC,

          Defendant.

No.  10 CV 00799
Judge John W. Darrah

## DEFENDANT EURO-AMERICAN BRANDS'
## MOTION TO COMPEL

NOW COMES defendant EURO-AMERICAN BRANDS, LLC, ("EAB" or "Defendant"), by its attorneys Irving L. Hurwitz, MCELROY DEUTSCH MULVANEY & CARPENTER, Cortney S. Closey, and DONOHUE BROWN MATHEWSON & SMYTH LLC, and pursuant to Fed R. Civ. P. 33, 34 and 37, moving this Honorable Court for the entry of an order compelling plaintiff to provide responses to requests for production within fourteen (14) days.  In support thereof, defendant EAB states as follows:

1.      On November 22, 2010, defendant EAB propounded requests for production of documents to plaintiff LEANNE DIGAN (hereinafter "Plaintiff Digan").  Specifically relevant to this Motion, are Defendant's following discovery requests: Request for Documents No. 3, which sought medical records and/or authorizations for release of such records by medical providers who treated Plaintiff in connection with her alleged disability; Request for Documents No. 5, which sought Plaintiff Digan's federal and state income tax returns, forms W-2 and 1099 for years 2005 through 2010; and Request for Documents No. 7, 11, and 12, which sought documents related to Plaintiff Digan's receipt of disability benefits, workers' compensation

benefits, and unemployment compensation since April 2007. A copy of EAB's requests for production are attached hereto as Exhibit 1.

2.      Pursuant to applicable rule, Plaintiff Digan was to respond to the written discovery requests of EAB within 30 days. Fed. R. Civ. P. 33 and 34.

3.      Plaintiff Digan subsequently requested and was granted three extensions to respond to Defendant's discovery requests. A copy of a letter dated February 28, 2011, from counsel for EAB to Plaintiff Digan memorializing said extensions is attached hereto as Exhibit 2.

4.      On March 21, 2011, Plaintiff Digan, through her attorney, David L. Lee, filed a motion for additional time to respond to discovery. Defendant did not oppose that motion. The Court granted the Motion, granting Plaintiff Digan until May 5, 2011, to respond to Defendant's discovery requests.

5.      On May 6, 2011, Mr. Lee served responses to defendant's request for documents which contained numerous objections to the discovery requests. He objected, *inter alia*, to authorizing the release of medical records on grounds of patient-physician privilege, HIPPA, and as not required by the Federal Rules. He also objected to producing income tax documents on the grounds of relevance and privacy, and to producing documents pertaining to Plaintiff Digan's application for, and receipt of, workers' compensation benefits, unemployment compensation, and disability benefits on grounds of relevance. A copy Plaintiff Digan's responses to document requests are attached hereto as Exhibit 3.

6.      On May 25, 2011, counsel for EAB wrote to Mr. Lee that objections, based on these grounds, were not appropriate and requested that he reconsider his position with respect to the aforementioned discovery requests. A copy of the letter from counsel for EAB to Mr. Lee is attached hereto as Exhibit 4.

7.     On June 2, 2011 counsel for EAB conferred by telephone with Mr. Lee regarding plaintiff's objections to EAB's discovery requests set forth in paragraphs 5 and 6 hereof. At that time, counsel for EAB agreed to Plaintiff's proposed Protective Order concerning the requested documents. The parties resolved the remaining disputes and Mr. Lee agreed that the following documents would be produced:

> (a) Medical records related to Plaintiff's alleged disability. Mr. Lee advised that Ms. Digan was in the process of obtaining said records from the medical providers and that he would forward them with the appropriate Certification that Ms. Digan has obtained and provided all such records;

> (b) Plaintiff's federal and state tax returns (redacted so as to protect personal information not related to income); and

> (c) Documents related to her application for, and receipt of, workers compensation benefits, unemployment compensation, and disability benefits.

A copy of a letter dated June 3 from counsel for EAB to Mr. Lee confirming the phone conference of June 2, 2011 is attached hereto as Exhibit 5.

8.     On June 8, 2011, plaintiff produced documents which were responsive to some of EAB's requests, but not to those set forth in paragraph 7 hereof.

9.     On June 16, 2011, counsel for EAB wrote to Mr. Lee regarding the June 2 agreement, requesting confirmation when the documents, set forth in paragraph 7, would be produced. A copy of the letter from counsel for EAB to Mr. Lee is attached hereto as Exhibit 6.

10.     Having received no response from Mr. Lee, on July 12, 2011, counsel for defendant wrote to him once again, advising him that discovery could not proceed without the requested documents and that, if they were not produced within seven days, counsel for defendant would have no choice but to file a motion to compel. A copy of the letter from counsel for EAB to Mr. Lee is attached hereto as Exhibit 7.

11. As of today, Plaintiff has not provided any of the documents set forth in paragraph 7 hereof. Mr. Lee has not advised when they will be produced.

12. Discovery closes on January 31, 2012. Defendant cannot proceed with further discovery, depose witnesses, and obtain expert reports if necessary, until plaintiff complies with EAB's written discovery requests.

13. Pursuant to Fed. R. Civ. 37(a)(1), counsel for EAB has in good faith conferred with Plaintiff Digan's attorney in an effort to obtain plaintiff's written discovery responses and documents without Court action.

WHEREFORE, defendant EURO-AMERICAN BRANDS respectfully requests that this Honorable Court enter an order compelling Plaintiff to provide all medical records pertaining to Plaintiff's alleged disability, with a Certification that she has obtained and provided all such records, her federal and state tax income tax returns, forms W-2 and 1099, and all documents pertaining to her application for, and receipt of, workers' compensation benefits, unemployment compensation, and disability benefits, within fourteen (14) days.

Respectfully submitted,

EURO-AMERICAN BRANDS

By:    /s Irving L. Hurwitz

Irving L. Hurwitz (Admitted Pro Hac Vice)

MCELROY DEUTSCH MULVANEY & CARPENTER
1300 Mt. Kemble Avenue
Morristown, New Jersey 07962 (Telephone:(973) 993-8100)

/s Cortney S. Closey

Cortney S. Closey (ARDC No. 6296102)
DONOHUE BROWN MATHEWSON & SMYTH LLC
140 South Dearborn Street, Suite 800

- 4 -

Chicago, Illinois 60603 (Telephone:(312) 422-0900)

# Group Exhibit 1

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| LEANNE M. DIGAN, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. |
| | : | 1:10-cv-00799 |
| EURO-AMERICAN BRANDS, LLC, | : | |
| | : | Judge John W. Darrah |
| Defendants. | : | |
| | : | DEFENDANT EURO-AMERICAN |
| | : | BRAND'S INITIAL REQUEST FOR |
| | : | PRODUCTION OF DOCUMENTS |
| | : | TO PLAINTIFF LEANNE DIGAN |
| | : | |
| | : | |
| | : | |

TO:    Leanne Digan
       *Pro se* plaintiff
       9521 Jackson Avenue
       Brookfield, Ill 60513
       (708) 473-4313

*PRO SE* PLAINTIFF:

PLEASE TAKE NOTICE that pursuant to Rule 34 of the Federal Rules of Civil

Procedure, Defendant Euro-American Brands, LLC, ("EAB") by their undersigned counsel,

hereby requests that plaintiff Leanne Digan produce for inspection and copying, within thirty

days from receipt of this request, as provided by Rule 34, at the offices of Donohue, Brown,

Mathewson & Smyth LLC, 140 South Dearborn, Suite 800, Chicago, IL 60603, the documents

set forth herein. In the alternative, copies of all such documents may be sent by regular mail to

1506004

1

the offices of McElroy, Deutsch, Mulvaney & Carpenter, LLP, 1300 Mt. Kemble Avenue,

Morristown, New Jersey, 07962-2075

By: _____

Irving L. Hurwitz, Esq., *pro hac vice*
MCELROY, DEUTSCH, MULVANEY
& CARPENTER, LLP

Cortney S. Closey #6296102
DONOHUE, BROWN, MATHEWSON &
SMYTH, LLC

*Attorneys for Defendant, Euro-American Brands, LLC*

DATED: November 22, 2010

## INSTRUCTIONS

      A.    If plaintiff claims any form of privilege, whether based on statute or otherwise, as a ground for not producing requested documents, please furnish, at or before the time when documents are otherwise required to be produced, a list identifying each document for which the privilege is claimed, together with the following information: date, sender, recipient, persons to whom copies were furnished together with their job titles, subject matter, the nature of the privilege claimed, the facts on which privilege is claimed, and the paragraph of the Request to which such document responds.

      B.    These Requests should be deemed to be continuing and to require that plaintiff serve EAB in the form of supplementary responses any document requested herein which is unavailable to plaintiff at the time she submits her response, but which becomes available to her up to and including the time of trial. Similarly, any information provided in response to these Requests which is later found to be incorrect or incomplete or to have become incorrect or incomplete because of changed circumstances shall be completed by means of supplementary responses.

      C.    Unless otherwise expressly notified in writing, EAB will assume that failure to produce any document requested hereinafter means that such document does not exist or is not in the possession, custody or control of plaintiff or any person acting on her behalf.

## DEFINITIONS

As used herein, the terms listed below have the following meanings ascribed to them:

1.     "Document" means all written or printed matter of any kind, including the originals and all non-identical copies, whether different from the originals by reason of any notation made on such copies or otherwise, including, without limitation, correspondence, memoranda, notes, diaries, statistics, letters, telegrams, minutes, agendas, contracts, reports, studies, checks, statements, receipts, returns, summaries, pamphlets, books, prospectuses, inter-office and intra-office communications, notations of any conversations (including, without limitation, telephone conversations or meetings), bulletins, computer print-outs, teletypes, telefax, invoices, worksheets and all drafts, alterations, modifications, changes and amendments of any of the foregoing; graphic or manual records or representations of any kind, including, without limitation, photographs, charts, graphs, microfiche, microfilm, video-tape, records, motion pictures; and representations of any kind, including, without limitation, tapes, cassettes, disks, recordings, electronic mail and materials stored on computer disks of any kind or on any other form of electronic media.

2.     "Person" means any natural person, corporation, municipal corporation, state and local government, partnership, group trust, associations, organizations and any other artificial, business or legal entity.

3.     "Communication" means any meeting, conversation, discussion, correspondence, message or other occurrence whereby thoughts, opinions or data are transmitted between two or more persons.

4.    "All" means each and every, and when used in reference to a document means each and every document, communication or other data known to plaintiff or which can be discovered by reasonably diligent efforts.  When used in reference to persons, "all" means every person whose identity is known to plaintiff or can be discovered by reasonably diligent efforts.

5.    "Relating" or "relate to" means refer to, reflect, pertain to, or in any way logically or factually connected with the matter discussed.

6.    "Plaintiff" means Leanne Digan, her agents, attorneys, representatives, and all persons acting or purporting to act on her behalf.  The terms "you" and "your" refer to plaintiff Leanne Digan.

7.    The terms "EAB" or "defendant" refer to defendant Euro-American Brands, LLC, its affiliates or divisions and any officers, directors, agents, servants, representatives and employees thereof.

8.    "Date" means the exact day, month and year, if ascertainable.  Otherwise, the word "date" means the best available approximation, including relationships to other events.

9.    As used herein, the words "and" and "or" shall not be interpreted conjunctively to exclude any information otherwise within the scope of any Request.  Thus, the word "and" means "and/or" and the word "or" means "and/or."

10.    Where appropriate, whether in connection with the preceding defined terms or the Requests hereinafter set forth, the use of the singular includes the plural and the use of the plural includes the singular.

## DOCUMENTS TO BE PRODUCED

1.  All documents you identified in your Initial Disclosures.

2.  Documents that refer or relate in any way to the claims or allegations in your Complaint.

3.  All medical records related to any and all treatment received by you from any medical facility, doctor, psychiatrist, psychologist, therapist, or other health care provider, for the "disability" referred to in your Complaint. To the extent documents responsive to this request exist, but are not in your possession, complete the enclosed form authorizing the release of medical records.

4.  All medical records related to any and all treatment received by you from any medical facility, doctor, psychiatrist, psychologist, therapist, or other health care provider, for any injury you allege EAB caused. To the extent documents responsive to this request exist, but are not in your possession, complete the enclosed form authorizing the release of medical records.

5.  Your federal, state, and city income tax returns, Forms W-2 and 1099, and pay stubs, checks or statements with respect to calendar years 2005 - 2010, and for each year thereafter during the pendency of this lawsuit.

6.  For any employment or prospective employment since November 4, 2007, all documents relating to offers of employment, terms and conditions of employment, including salary and benefits, performance reviews, discipline notices, letters of resignation, termination notices, and benefits summaries.

7.  Any documents related to receipt of disability benefits and unemployment compensation since April 1, 2007.

1506004                                                          6

8.     Copies of all writings including notes, journals, diaries, summaries, transcripts, emails or tape or voice recordings of any conversations involving the plaintiff and any current or former director, officer, manager, supervisor, employee, representative, client, or agent of EAB.

9.     All documents submitted by plaintiff, or on her behalf, or received by plaintiff, or on her behalf, to or from the United States Equal Employment Opportunity Commission that relate to her charge of discrimination/retaliation, her EAB employment, termination of employment or claim for damages.

10.     All documents submitted by plaintiff, or on her behalf, or received by plaintiff, or on her behalf, to or from any governmental agency that has investigated, or may investigate the claims relating to plaintiff's employment with or termination from EAB.

11.     All documents submitted by plaintiff, or on her behalf, or received by plaintiff, or on her behalf, to or from the Illinois Department of Labor, or any similar agency, relating to plaintiff's application for unemployment benefits.

12.     All documents submitted by plaintiff, or on her behalf, or received by plaintiff, or on her behalf, to or from the Illinois Department of Labor, or any similar agency, relating to plaintiff's application for workers' compensation benefits.

13.     All memoranda, letters, emails, drafts or other written communications sent by plaintiff to any current or former director, officer, manager, supervisor, employee, or agent of EAB concerning any aspect of plaintiff's employment with or termination from EAB.

14.     Copies of any and all memoranda, letters, emails, drafts or other written communications received by plaintiff from any current or former director, officer, manager, supervisor, employee, or agent of EAB concerning any aspect of plaintiff's employment with or termination from the EAB.

15.     All documents received from EAB, including, but not limited to, handbooks, benefits summaries, code of conduct, and other documents evidencing/explaining EAB policies and practices and/or training, and employee workplace conduct.

16.     All documents received from EAB or its employees, including, but not limited to, emails, letters, forms, notices or drafts, received by plaintiff during or after her EAB employment.

17.     All documents constituting, reflecting, or memorializing statements made by any person who has knowledge of facts, or by you to any person, concerning the allegations in the Complaint or your claims for damages in this lawsuit or any aspect of your employment with EAB.

18.     Copies of any and all documents, including resumes, employment applications, offers of employment, or other documents reflecting or relating in any way to any attempts by the plaintiff to obtain employment since November 4, 2007, or reflecting self employment since January 1, 2005, or otherwise mitigate her damages since November 4, 2007.

19.     All documents relating in any way to your claims for damages in this lawsuit, including, but not limited to, damages set forth in your Initial Disclosures..

20.     All documents referred to, relied upon, and identified in your answers to defendant's interrogatories in this lawsuit.

21.     All documents not produced in response to the preceding requests which refer or relate in any way to plaintiff's claim for damages.

By: _____
Irving L. Hurwitz, Esq., *pro hac vice*
McELROY, DEUTSCH, MULVANEY
& CARPENTER, LLP

Cortney S. Closey #6296102
DONOHUE, BROWN, MATHEWSON &
SMYTH, LLC

*Attorneys for Defendant, Euro-American Brands, LLC*

DATED: November 22, 2010

9

# Exhibit 2

# McElroy, Deutsch, Mulvaney & Carpenter, LLP
### ATTORNEYS AT LAW

1300 MOUNT KEMBLE AVENUE
P.O. BOX 2075
MORRISTOWN, NEW JERSEY 07962-2075
(973) 993-8100
FACSIMILE (973) 425-0161

IRVING L. HURWITZ
Direct dial (973) 425-8704
ihurwitz@mdmc-law.com

February 28, 2011

**VIA EMAIL AND REGULAR MAIL**
LeAnne Digan
9521 Jackson Avenue
Brookfield, Illinois 60513
Digan13@sbcglobal.net

RE:   **Digan v. Euro-American Brands**
          No. 10-CV-00799

Dear Ms. Digan:

This is in response to your request for further extension to respond to defendant's Interrogatories and Request for Production of Documents.

As you know, defendant served its discovery requests on November 22, 2010. Your response was to be provided within thirty days. On December 21, 2010, we agreed to your request to extend your time to respond to January 28, 2011. On January 28, 2011, we consented to your request for a second extension to February 28, 2011.

You have now requested an additional sixty day extension. We are willing to agree that your responses be received by us by April 28, 2011, subject to the following conditions: (1) you immediately provide us the names and addresses of all physicians, as sought in Interrogatory Nos. 13 and 14, and the name and address of any health care provider who may possess medical records responsive to Request for Production of Documents, Nos. 3 and 4, and (2) agree to sign and return, immediately upon receipt, any medical release forms we may provide to you.

Discovery in this matter closes on October 11, 2011. We will be unable to consent to any further extensions to defendant's discovery requests as it would interfere with timely completion of discovery in this matter.

Very truly yours,

McELROY, DEUTSCH, MULVANEY & CARPENTER, LLP

Irving L. Hurwitz, Esq.

ILH/mdl

NEW YORK          PENNSYLVANIA          NEW JERSEY          COLORADO

# Group Exhibit 3

## In the United States District Court
### for the Northern District of Illinois
### Eastern Division

| | |
|---|---|
| Leanne Digan, | **#10-CV-0799** |
| plaintiff, | Judge Darrah |
| —v— | Magistrate Judge Nolan |
| Euro-American Brands, LLC, | **Jury Trial Demanded** |
| defendant. | |

### Plaintiff's Response to Document Request

1.      All documents you identified in your Initial Disclosures.

    <u>Response:</u>        All such documents in plaintiff's custody will be produced.

2.      Documents that refer or relate in any way to the claims or allegations in your Complaint.

    <u>Objection:</u>        Plaintiff objects to this Request as failing to describe with reasonable particularity the documents requested and as "a catch-all demand for documents without the slightest degree of specificity". <u>People ex rel. Gen'l Motors Corp. v. Bua</u>, 37 Ill. 2d 180 at 194 (1967).

3.      All medical records related to any and all treatment received by you from any medical facility, doctor, psychiatrist, psychologist, therapist, or other health care provider, for the "disability" referred to in your Complaint. To the extent documents responsive to this request exist, but are not in your possession, complete the enclosed form authorizing the release of medical records.

    <u>Response:</u>        All such documents in plaintiff's custody will be produced.

    <u>Objection:</u>        Plaintiff objects to completing the form authorizing the release of medical records as seeking documents protected by the physician-patient privilege, as not complying with HIPAA, and as not being required by the Federal Rules of Civil Procedure.

4.      All medical records related to any and all treatment received by you from any medical facility, doctor, psychiatrist, psychologist, therapist, or other health care provider, for any injury you allege EAB caused. To the extent documents responsive to this request exist, but are not in your possession, complete the enclosed form authorizing the release of medical records.

Objection:     Plaintiff objects to this Request as seeking documents that
are not relevant to any party's claim or defense. As to damages, any
emotional-distress damages that the plaintiff seeks are only for the
normal emotional reaction to being retaliated against and/or being
fired unfairly or illegally and to having to find a new job (i.e.,
"garden variety" emotional distress). Plaintiff also objects to this
Request as seeking documents protected by the physician-patient,
the therapist-patient privilege, and by HIPAA.

5.     Your federal, state, and city income tax returns, Forms W-2 and 1099, and
pay stubs, checks or statements with respect to calendar years 2005 - 2010, and
for each year thereafter during the pendency of this lawsuit.

Response:     Plaintiff will produce W-2's, 1099-misc's showing entries in
box 3 ("other income") and/or box 7 ("non-employee
compensation"), and Schedule C's (if any) for income earned after
defendant terminated her employment.

Objection:     Plaintiff objects to this Request to the extent it requests
production of documents concerning the receipt of money (such as
gifts, interest, dividends, unemployment compensation, etc.) that is
not an offset to defendant's potential backpay liability as not being
relevant to any party's claim or defense. In addition, the tax
documents requested are a breach of privacy in that they could
reveal such matters as charitable contributions, mortgage-interest
deductions, stock holdings, identity of banks, contributions for
Presidential Elections Fund, Illinois governmental programs
voluntarily contributed to, etc.

6.     For any employment or prospective employment since November 4, 2007,
all documents relating to offers of employment, terms and conditions of
employment, including salary and benefits, performance reviews, discipline
notices, letters of resignation, termination notices, and benefits summaries.

Response:     All such documents in plaintiff's custody will be produced.

7.     Any documents related to receipt of disability benefits and unemployment
compensation since April 1, 2007.

Objection:     Plaintiff objects to this Request because disability benefits
and unemployment compensation are not an offset to defendant's
potential backpay liability and are therefore not relevant to any
party's claim or defense.

-2-

8.     Copies of all writings including notes, journals, diaries, summaries, transcripts, emails or tape or voice recordings of any conversations involving the plaintiff and any current or former director, officer, manager, supervisor, employee, representative, client, or agent of EAB.

Response:     All such documents in plaintiff's custody concerning plaintiff's requesting accommodations, plaintiff's informing defendant of her on-the-job injury and/or her workers' compensation claim, and plaintiff's being fired will be produced.

Objection:     Plaintiff objects to this Request in that "involving the plaintiff and any current or former director, officer, manager, supervisor, employee, representative, client, or agent of [defendant]" is vague and overbroad, as it could include driving directions, idle chit-chat, etc.

9.     All documents submitted by plaintiff, or on her behalf, or received by plaintiff, or on her behalf, to or from the United States Equal Employment Opportunity Commission that relate to her charge of discrimination/retaliation, her EAB employment, termination of employment or claim for damages.

Response:     All such documents in plaintiff's custody will be produced.

10.     All documents submitted by plaintiff, or on her behalf, or received by plaintiff, or on her behalf, to or from any governmental agency that has investigated, or may investigate the claims relating to plaintiff's employment with or termination from EAB.

Response:     All such documents in plaintiff's custody will be produced.

11.     All documents submitted by plaintiff, or on her behalf, or received by plaintiff, or on her behalf, to or from the Illinois Department of Labor, or any similar agency, relating to plaintiff's application for unemployment benefits.

Objection:     Plaintiff objects to this Request on the basis of the statutory privilege contained in the Illinois Unemployment Insurance Act. See, 820 ILCS 405/1900 & 1900.1. Plaintiff also objects to this Request because unemployment compensation benefits are not an offset to defendant's potential backpay liability and are therefore not relevant to any party's claim or defense.

12.     All documents submitted by plaintiff, or on her behalf, or received by plaintiff, or on her behalf, to or from the Illinois Department of Labor, or any similar agency, relating to plaintiff's application for workers' compensation benefits.

Objection:    Plaintiff objects to this Request because workers'
compensation benefits are not an offset to defendant's potential
backpay liability and are therefore not relevant to any party's claim
or defense.

13.    All memoranda, letters, emails, drafts or other written communications
sent by plaintiff to any current or former director, officer, manager, supervisor,
employee, or agent of EAB concerning any aspect of plaintiff's employment with
or termination from EAB.

Response:    All such documents in plaintiff's custody concerning
plaintiff's requesting accommodations, plaintiff's informing
defendant of her on-the-job injury and/or her workers'
compensation claim, and plaintiff's being fired will be produced.

Objection:    Plaintiff objects to this Request in that "communications ...
concerning any aspect of plaintiff's employment with [defendant]"
is vague and overbroad, as it could include driving directions, idle
chit-chat, etc.

14.    Copies of any and all memoranda, letters, emails, drafts or other written
communications received by plaintiff from any current or former director, officer,
manager, supervisor, employee, or agent of EAB concerning any aspect of
plaintiff's employment with or termination from the EAB.

Response:    All such documents in plaintiff's custody concerning
plaintiff's requesting accommodations, plaintiff's informing
defendant of her on-the-job injury and/or her workers'
compensation claim, and plaintiff's being fired will be produced.

Objection:    Plaintiff objects to this Request in that "communications ...
concerning any aspect of plaintiff's employment with [defendant]"
is vague and overbroad, as it could include driving directions, idle
chit-chat, etc.

15.    All documents received from EAB, including, but not limited to,
handbooks, benefits summaries, code of conduct, and other documents
evidencing/explaining EAB policies and practices and/or training, and employee
workplace conduct.

Response:    All such documents in plaintiff's custody will be produced.

16.    All documents received from EAB or its employees, including, but not
limited to, emails, letters, forms, notices or drafts, received by plaintiff during or
after her EAB employment.

-4-

Response:          All such documents in plaintiff's custody concerning plaintiff's requesting accommodations, plaintiff's informing defendant of her on-the-job injury and/or her workers' compensation claim, and plaintiff's being fired will be produced.

Objection:          Plaintiff objects to this Request in that "documents ... received by plaintiff during or after her EAB employment" is vague and overbroad, as it could include driving directions, invitations to co-workers birthday parties, idle chit-chat, etc.

17.       All documents constituting, reflecting, or memorializing statements made by any person who has knowledge of facts, or by you to any person, concerning the allegations in the Complaint or your claims for damages in this lawsuit or any aspect of your employment with EAB.

Response:          All such documents in plaintiff's custody will be produced.

18.       Copies of any and all documents, including resumes, employment applications, offers of employment, or other documents reflecting or relating in any way to any attempts by the plaintiff to obtain employment since November 4, 2007, or reflecting self employment since January 1, 2005, or otherwise mitigate her damages since November 4, 2007.

Response:          All such documents in plaintiff's custody will be produced.

19.       All documents relating in any way to your claims for damages in this lawsuit, including, but not limited to, damages set forth in your Initial Disclosures.

Objection:          Plaintiff objects to this Request as failing to describe with reasonable particularity the documents requested and as "a catch-all demand for documents without the slightest degree of specificity". People ex rel. Gen'l Motors Corp. v. Bua, 37 Ill. 2d 180 at 194 (1967).

20.       All documents referred to, relied upon, and identified in your answers to defendant's interrogatories in this lawsuit.

Response:          All such documents in plaintiff's custody will be produced.

21.       All documents not produced in response to the preceding requests which refer or relate in any way to plaintiff's claim for damages.

Objection:          Plaintiff objects to this Request as failing to describe with reasonable particularity the documents requested and as "a catch-

all demand for documents without the slightest degree of specificity". <u>People ex rel. Gen'l Motors Corp. v. Bua</u>, 37 Ill. 2d 180 at 194 (1967).

Leanne Digan,
plaintiff,

By: _____

Her attorney

**Proof of Service**: David L. Lee, an attorney, certifies that on May 5, 2011, he served this Response to Document Request on defendant by e-mailing a copy of the same to its attorney Cortney Suzanne Closey at cclosey@dbmslaw.com and to its attorney Irving L Hurwitz at ihurwitz@mdmc-law.com.

_____

David L. Lee

David L. Lee
ARDC #1604422
Law Offices of David L. Lee
53 W. Jackson Blvd., Suite 505
Chicago, IL 60604-3437
312-347-4400
d-lee@davidleelaw.com

-6-

# Exhibit 4

# McElroy, Deutsch, Mulvaney & Carpenter, LLP
### ATTORNEYS AT LAW

1300 MOUNT KEMBLE AVENUE
P.O. BOX 2075.
MORRISTOWN, NEW JERSEY 07962-2075
(973) 993-8100
FACSIMILE (973) 425-0161

IRVING L. HURWITZ
Direct dial: (973) 425-8704
lhurwitz@mdmc-law.com

May 25, 2011

## ELECTRONIC MAIL AND FEDERAL EXPRESS
David L. Lee
Law Offices of David L. Lee
53 W. Jackson Blvd.,
Suite 505
Chicago, Illinois 60604

RE: **Digan v. Euro-American Brands, LLC**
Case No. 1:10-cv-00799

Dear Mr. Lee:

We have reviewed Ms. Digan's Answers to Interrogatories and Response to Request for Documents. We write in connection with a number of asserted objections and unresponsive answers and ask that you reconsider your responses in light of the following.

In response to several Interrogatories and Document Requests, Ms. Digan has refused to answer and produce documents on the basis of "relevance." Whether information is "relevant" in the sense of constituting a material fact with respect to liability or damages, is quite different as to whether it is relevant for discovery purposes. A party "may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action...[or which] appears reasonably calculated to lead to the discovery of admissible evidence." FED.R.CIV.P. 26(b)(1). Courts have construed this rule liberally, creating a broad range for discovery which would encompass any matter that bears on, or that reasonably could lead to any matter that could bear on, any issue that is or may be in the case. *See e.g., Wilstein v. San Tropai Condo. Master Assoc.,* 189 F.R.D. 371, 375 (N.D. Ill. 1999), and cases cited therein; *United Consumers Club v. Prime Time Mktg. Management,* 271 F.R.D. 487, 494 (N.D. Ind. 2010). For this reason, and others set forth below, we request that you cure the following deficiencies in plaintiff's responses:

Interrogatory No. 4; Request for Documents Nos. 7, 11, and 12. These requests sought information and documents related to the dollar amount of all income plaintiff received, including income from disability, unemployment and workers' compensation benefits, and all documents submitted by plaintiff, or on her behalf, which are related to her application for and receipt of these benefits. Plaintiff objected to these requests because, since the information may not be used as an offset to potential back pay, it is not relevant. Plaintiff further objected to the

NEW JERSEY        NEW YORK        PENNSYLVANIA        CONNECTICUT        MASSACHUSETTS        COLORADO

# McElroy, Deutsch, Mulvaney & Carpenter, LLP

David L. Lee, Esq.
Law Offices of David L. Lee
May 25, 2011
Page 2

disclosure of documents related to unemployment compensation on grounds of privilege, citing 820 ILCS 405/1900 1900.1.

As noted, pursuant to FED. R. CIV. P. 26(b), information is discoverable if it is reasonably calculated to lead to the discovery of admissible evidence, regardless of whether the information would be admissible at trial. Here the information sought is both relevant to, and may lead to admissible evidence, related to the period during which Ms. Digan may be entitled to back pay, her availability for employment, the nature, duration and extent of her alleged disability, and/or her alleged need for accommodation.

With respect to plaintiff's claimed privilege under 820 ILCS 405/1900, the privilege is not applicable here. *See Wright v. Hollywood Casinos*, 2002 WL 989457 (N.D. Ill. 2002); *see also Tutman v. WBBM-TV/CBS Inc.*, 1997 WL 548556 (N.D. Ill. 1997).

Interrogatory No. 14; Request for Documents No. 3. These requests sought, *inter alia*, medical records and/or authorizations to release such records concerning medical providers who treated plaintiff in connection with her alleged disability. Ms. Digan objected to authorizing the release of these records on grounds of physician-patient privilege, as not complying with HIPAA, and as not required by the Federal Rules of Civil Procedure.

The objections border on the frivolous. As stated by the Court in *Butler v. Burroughs Wellcome, Inc.*, 920 F.Supp. 90, 92 (E.D.N.C. 1996):

> In an action under the ADA, a plaintiff's medical history is relevant in its entirety. It is impossible to answer the most basic questions, such as whether the plaintiff was generally foreclosed from similar employment by reason of a major life activity impairment, or otherwise qualified given a reasonable accommodation, or what a reasonable accommodation would have been, without full and complete access to the plaintiff's medical records . . .
> * * *
> Elements of a claim under the ADA touch upon the most private and intimate details of a plaintiff's life. ADA plaintiff's, like plaintiff's in an action for medical malpractice, waive all privileges and privacy interests related to their claim by virtue of filing the complaint.

*Butler*, 920 F. Supp at 92; *see also Patterson v. Chicago Assoc. for Retarded Children*, 1997 WL 323575 at *3 (N.D. Ill. 1997).

1599042_1

# McElroy, Deutsch, Mulvaney & Carpenter, LLP

David L. Lee, Esq.
Law Offices of David L. Lee
May 25, 2011
Page 3

As a result defendant, is entitled to <u>all</u> medical records pertaining to plaintiff's alleged disability and her need for accommodation, as she has put these conditions in issue. We are enclosing medical release authorization forms that are fully compliant with the requirements of HIPAA. Please have Ms. Digan sign and return these authorizations immediately.

Request for Documents No. 5. This request sought, *inter alia*, plaintiff's federal, state, and city income tax returns for calendar years 2005-2010. Plaintiff objected on grounds of relevancy and privacy because the returns may include information such as gifts, interest, dividends, charitable contributions, mortgage-interest deductions, stock holdings, identity of banks, contributions for Presidential Elections Fund, and Illinois government programs to which plaintiff voluntarily contributed.

We have no objection to a redaction of plaintiff's tax returns to protect the information you note, *i.e.*, gifts, interest, dividends, charitable contributions, mortgage-interest deductions, stock holdings, identity of banks, contributions for Presidential Elections Fund, and Illinois government programs to which plaintiff voluntarily contributed. We are entitled, however, to the returns showing all income, including that from unemployment, disability and workers' compensation benefits, as this information is relevant, or may lead to the discovery of admissible evidence, which may show the period during which plaintiff may be entitled to back pay, the nature, duration and extent of her alleged disability, whether the plaintiff was generally foreclosed from similar employment by reason of a major life activity impairment, or otherwise qualified given a reasonable accommodation, or what a reasonable accommodation would have been.

Request for Production of Documents No.19. This request sought documents related to plaintiff's claims for damages, including those set forth in her Initial Disclosures. Plaintiff objected on grounds that the request failed to describe with reasonable particularity the documents requested.

FED. R. CIV. P. 26(a)(1)(A)(iii), which is the basis of this request, provides "a computation of each category of damages claimed by the disclosing party -- who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered." This request is stated with adequate specificity for plaintiff to comply with Federal Rule 26.

In addition to the foregoing, please note and respond to the following:

Interrogatory No. 6. This request sought information in connection with plaintiff's alleged request for an accommodation. Ms. Digan did not identify any documents related to her alleged request. Please confirm that there are no such documents.

1599042_1

## MCELROY, DEUTSCH, MULVANEY & CARPENTER, LLP

David L. Lee, Esq.
Law Offices of David L. Lee
May 25, 2011
Page 4

Interrogatory Nos. 13, 15; Request for Documents No. 4. These requests sought information and documents related to any treatment Ms. Digan received in connection with the damages she has allegedly suffered as a result of defendant's alleged actions. Ms. Digan objected on grounds of relevancy noting that any emotional distress damages that plaintiff is seeking are of the "garden variety" type. She also objected on grounds of physician-patient privilege, the therapist-patient privilege, and protections under HIPAA.

Although not definitely stated, we understand from her response that she has not had any treatment for her alleged emotional distress. Please confirm that our understanding is correct.

Request for Documents No. 2. This request sought documents that relate in any way to plaintiff's claims. Plaintiff objected to this request as overbroad. In light of plaintiff's objection, we revise our request to include any documents that plaintiff may rely upon in connection with this matter, in support of her claims, or in defense to the counterclaim against her.

In response to interrogatories No. 15 and Request for Document Nos. 1, 3, 5, 6, 9, 10, 13, 14, 15, 16, 17, 18 and 20, plaintiff represents that she will provide the responsive documents in her possession. We request that you send these documents to us immediately.

In connection with plaintiff's objections on grounds of privilege, if you intend to maintain this position, the claim(s) must be itemized in a privilege log in accordance with FED.R.CIV.P. 26(b)(5), *i.e.*, when a party withholds discoverable information based on a privilege claim, it is required: (1) to expressly make the claim and (2) do so by describing the documents "in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." FED.R.CIV.P. 26(b)(5)(A). In other words, the party must provide a privilege log, or risk a waiver of the asserted privileges. *See Itasca v. Abbott Labs.*, 203 F.R.D. 332, 336 (N.D. Ill. 2001); *Gardner v. Johnson*, No. 08 C 50006, 2009 WL 5215589, at *three (N.D. Ill. Dec. 30, 2009). Please provide us with a privilege log containing all of the information you intend to withhold.

Initial Disclosures were served on September 17, 2010. Defendant served Interrogatories and Request for Production of Documents on November 22, 2010. We consented to a series of Ms. Digan's requests to extend the time for her to respond to our discovery requests. Our consent to her last request was conditioned on, *inter alia*, plaintiff immediately signing and returning medical release authorizations and providing other documents related to her disability. Although plaintiff represented by email dated March 7, 2011, that the information requested would be forthcoming by USPS mail, we never received any responsive answers, releases or documents from her. You filed a notice of appearance on March 21, 2011, and we consented to an extension to respond to discovery until May 5, 2011. As it stands, although we are now in receipt of responses, we find them deficient in many respects. Plaintiff has yet to produce a single document. We cannot proceed with plaintiff's deposition and will not proceed with any depositions you may want to take until we have full and complete responses to written discovery.

# MCELROY, DEUTSCH, MULVANEY & CARPENTER, LLP

David L. Lee, Esq.
Law Offices of David L. Lee
May 25, 2011
Page 5

In these circumstances, we request that you give your immediate attention to the matters in this letter.

Please feel free to contact me if you have any questions or wish to discuss this matter.

Very truly yours,

McELROY, DEUTSCH, MULVANEY & CARPENTER, LLP

Irving L. Hurwitz

ILH/mdl
Enclosures

1599042_1

# Exhibit 5

# MᴄEʟʀᴏʏ, Dᴇᴜᴛsᴄʜ, Mᴜʟᴠᴀɴᴇʏ & Cᴀʀᴘᴇɴᴛᴇʀ, LLP
### ATTORNEYS AT LAW

1300 MOUNT KEMBLE AVENUE
P.O. BOX 2075
MORRISTOWN, NEW JERSEY 07962-2075
(973) 993-8100
FACSIMILE (973) 425-0161

IRVING L. HURWITZ
Direct dial: (973) 425-8704
ihurwitz@mdmc-law.com

June 3, 2011

**ELECTRONIC MAIL AND REGULAR MAIL**
David L. Lee
Law Offices of David L. Lee
53 W. Jackson Blvd.,
Suite 505
Chicago, Illinois 60604

 RE: **Digan v. Euro-American Brands, LLC**
 Case No. 1:10-cv-00799

Dear Mr. Lee:

 As we discussed by telephone yesterday, I write to confirm our conversation. Except as set forth below, the positions in your May 29 correspondence are acceptable. As you advise in your letter, we expect this information and the documents shortly.

 With regard to Interrogatory No. 14 and Request for Documents No. 3, which sought medical records and/or authorizations for release of such records concerning medical providers who treated Plaintiff in connection with her alleged disability, you agreed that Defendant is entitled to these records, that Ms. Digan is in the process of obtaining said records from the medical providers identified in her Answer to Interrogatory No. 14, and that you will forward them to us with an appropriate Certification that Ms. Digan has obtained and provided all such records.

 With regard to Interrogatory Nos. 13 and 15, and Request for Documents No. 4, which sought information and records related to any treatment Ms. Digan received in connection with the emotional distress she allegedly suffered as a result of Defendant's actions, you agreed to inform us whether there has been any such treatment. We agreed that in providing this information, Ms. Digan is not waiving any privilege in connection with records pertaining to such treatment, and you agreed Defendant is not waiving any right to request such records.

 One matter which we did not discuss is Ms. Digan's response to Document Request No. 2. Our May 25 letter advised that we revise this request to include any documents that Ms. Digan may rely upon in support of her claims or in defense to Defendant's counterclaim. Your May 29 letter continued to take the position that this "catchall" request was overbroad and objected to the inclusion of documents pertaining to Ms. Digan's defenses to our counterclaim. If you recall, our written discovery was served prior to your retention and prior to any Answer to

NEW JERSEY     NEW YORK     PENNSYLVANIA     CONNECTICUT     MASSACHUSETTS     COLORADO

# McELROY, DEUTSCH, MULVANEY & CARPENTER, LLP

David L. Lee, Esq.
Law Offices of David L. Lee
June 3, 2011
Page 2

the counterclaim. This is the reason we are now requesting documents related to Ms. Digan's defense to the counterclaim. Please advise if you are willing to provide these documents. If not, we will serve formal Supplemental Interrogatories and Request for Documents.

I have enclosed a marked up draft of the Agreed Protective Order which includes our agreed upon revisions. Kindly confirm when we may expect the documents you have agreed to forward to us.

Very truly yours,

McELROY, DEUTSCH, MULVANEY & CARPENTER, LLP

Irving L. Hurwitz

ILH/mdl

# Exhibit 6

# McElroy, Deutsch, Mulvaney & Carpenter, LLP
### ATTORNEYS AT LAW

1300 MOUNT KEMBLE AVENUE
P.O. BOX 2075
MORRISTOWN, NEW JERSEY 07962-2075
(973) 993-8100
FACSIMILE (973) 425-0161

IRVING L. HURWITZ
Direct dial: (973) 425-8704
lhurwitz@mdmc-law.com

June 16, 2011

**VIA ELECTRONIC MAIL AND REGULAR MAIL**

David L. Lee
Law Offices of David L. Lee
53 W. Jackson Blvd.,
Suite 505
Chicago, Illinois 60604

      RE:   **Digan v. Euro-American Brands, LLC**
             Case No. 1:10-cv-00799

Dear Mr. Lee:

We have reviewed Plaintiff's documents which were electronically produced on June 8, 2011, Bates stamped Pltf.000001 to Pltf.000863, in response to our November 22, 2010, Request for Documents. We are also in receipt of your email sent yesterday, June 15, advising us that with respect to Plaintiff's defenses to Defendant's counterclaim against her, all witnesses have been disclosed, and documents produced.

As a preliminary matter, we note that there are numerous documents which were produced that, although perhaps responsive, also contain Ms. Digan's (or someone else's) handwritten opinions and observations within the margins, headers, and footers of the original document. We ask that you provide clean copies of these records if any exist.

We also ask that you identify, by Bates numbers, the documents which correspond to each Request for Documents or Interrogatory. Please include the Bates numbers of the documents which are responsive to our request regarding Ms. Digan's defense to our counterclaim.

In our telephone conversation on June 2, you agreed that Defendant is entitled to the records requested in Interrogatory No. 14 and Request for Documents No. 3, which sought medical records and/or authorizations for release of such records concerning medical providers who treated Plaintiff in connection with her alleged disability. You advised me that Ms. Digan is in the process of obtaining said records from the medical providers identified in her Answer to Interrogatory No. 14, and that you will forward them to us with an appropriate Certification that

NEW JERSEY     NEW YORK     PENNSYLVANIA     CONNECTICUT     MASSACHUSETTS     COLORADO     DELAWARE

# MCELROY, DEUTSCH, MULVANEY & CARPENTER, LLP

Page 2

Ms. Digan has obtained and provided all such records. Kindly advise us when we may expect to be in receipt of these records.

In addition, you agreed to inform us whether Ms. Digan has received any medical treatment in connection with the emotional distress she allegedly suffered as a result of Defendant's actions. We ask that you provide this information immediately as it should be readily available to you.

Also during the course of our conversation, I asked you whether you would be producing documents responsive to Interrogatory No. 6 regarding Ms. Digan's request for accommodations, and you agreed to check on whether any such documents exist. Please advise us whether any documents exist which are responsive to this request; to the extent that any have been produced thus far, identify the Bates numbers.

You also agreed to produce the following:

(1)     Plaintiff's federal and state tax returns (redacted so as to protect personal information not related to income).

(2)     Documents related to her application for and receipt of workers compensation benefits, unemployment benefits, and disability benefits.

(3)     All documents related to Plaintiff's claims for damages, including those set forth in her Initial Disclosures.

Please advise when we may expect these documents.

Thank you for your cooperation.

Very truly yours,

McELROY, DEUTSCH, MULVANEY & CARPENTER, LLP

Irving I. Hurwitz

ILH/mdl

# Exhibit 7

# McElroy, Deutsch, Mulvaney & Carpenter, LLP
### ATTORNEYS AT LAW

1300 MOUNT KEMBLE AVENUE
P.O. BOX 2075
MORRISTOWN, NEW JERSEY 07962-2075
(973) 993-8100
FACSIMILE (973) 425-0161

IRVING L. HURWITZ
Direct dial: (973) 425-8704
ihurwitz@mdmc-law.com

July 12, 2011

**VIA ELECTRONIC MAIL AND REGULAR MAIL**
David L. Lee
Law Offices of David L. Lee
53 W. Jackson Blvd.,
Suite 505
Chicago, Illinois 60604

> **RE:  Digan v. Euro-American Brands, LLC**
> Case No. 1:10-cv-00799

Dear Mr. Lee:

We last communicated with you by letter dated June 16, 2011. We asked that you identify by Bates numbers the documents which correspond to each Request for Documents or Interrogatory, and that you provide clean copies of the documents, without any observations or opinions noted within the margins. We also confirmed the discovery matters to which you and I had agreed upon in our June 2, telephone conversation. During that conversation, you advised that, in lieu of Ms. Digan signing release authorizations for her medical records as requested, she was in the process of obtaining her records from each of the medical providers she had previously identified and that you would forward those records to us with an appropriate Certification that Ms. Digan has obtained and provided all such records. You also agreed to produce her federal and state tax returns (redacted so as to protect personal information not related to income), and documents related to her application for, and receipt of, workers compensation benefits, unemployment benefits, and disability benefits.

In our June 16 correspondence, we also asked you to confirm when we might expect the promised documents. It is now nearly one month later, and we have yet to receive any documents or communication from you.

As you are aware, discovery closes on January 31, 2012. We cannot proceed with further discovery, and obtain expert reports if necessary, until plaintiff complies with her obligation to produce documents, as you agreed to do. We are left with no choice other than to advise you that if we do not receive the aforementioned documents within seven days, we will seek the Court's assistance by filing a Motion to Compel.

| NEW JERSEY | NEW YORK | PENNSYLVANIA | CONNECTICUT | MASSACHUSETTS | COLORADO | DELAWARE |
|---|---|---|---|---|---|---|

## MCELROY, DEUTSCH, MULVANEY & CARPENTER, LLP

Page 2

Please feel free to contact me if you wish to discuss this matter further.

Very truly yours,

MCELROY, DEUTSCH, MULVANEY & CARPENTER, LLP

Irving L. Hurwitz

ILH/mdl